**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**DARRELL TUGGLE**                                                   **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 3:26-CV-00039-RPC-JMV**

**BURL CAIN, et al.**                                               **RESPONDENTS**

## ORDER TRANSFERRING ACTION TO THE
## SOUTHERN DISTRICT OF MISSISSIPPI

This matter comes before the Court, *sua* sponte, for consideration of the transfer of this cause. Petitioner Darrell Tuggle, proceeding *pro se*, has filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging his parole eligibility stemming from his convictions for burglary and murder and resulting sentences imposed in the Circuit Courts of Jasper County and Jefferson County, Mississippi. *See* [7]. Tuggle is currently in the custody of the Mississippi Department of Corrections and housed at East Mississippi Correctional Facility located in Meridian, Mississippi. *See id.*

When a person petitions for a writ of habeas corpus and is in custody in a state with two or more federal judicial districts, the petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the person] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). The district court in which the petition is filed may "in the exercise of its discretion and in furtherance of justice transfer the application to the other district for hearing and determination." *Id.*

As noted above, Petitioner is challenging parole eligibility from convictions and sentences imposed in the Jasper County and Jefferson County Circuit Courts, both of which are state courts

geographically located within the Southern District of Mississippi. *See* 28 U.S.C. § 104(b)(3) and (b)(4). Moreover, Petitioner is confined in a facility geographically located within the Southern District of Mississippi. *See* 28 U.S.C. § 104(b)(1). As such, the instant petition was not brought in the appropriate district court. And, because the records, witnesses, and materials regarding Petitioner's instant claims are located in the Southern District, the Southern District would be the more convenient forum for resolving this petition. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982) (finding that the transfer of a case to the district where petitioner was convicted was not an abuse of discretion under 28 U.S.C. § 2241(d)).

Accordingly, in the exercise of this Court's discretion and in the furtherance of justice, it is hereby **ORDERED**:

1. That the instant action is hereby **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, and all documents filed in this civil action shall be received in accordance with the local rules of the Southern District of Mississippi; and

2. That this case is **CLOSED**.

This, the 25th day of March, 2026.

**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**